Anthony STEADHAM, Petitioner,

v.

State of CALIFORNIA, et al., Respondents.

No. 02–16794.
D.C. No. CV–00–03991–SI.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 1, 2003.*

Decided Dec. 4, 2003.

Arthur Pirelli, Attorney at Law, San Francisco, CA, Anthony Steadham, Represa, CA, for Petitioner.

Juliet B. Haley, AGCA–Office of the California Attorney General, San Francisco, CA, for Respondent.

Before SCHROEDER, Chief Judge, D.W. NELSON, and RYMER, Circuit Judges.

## MEMORANDUM**

Anthony Steadham appeals the denial of his petition for writ of habeas corpus under 28 U.S.C. § 2254(a). We affirm.

The California Court of Appeal decision affirming Steadham's conviction for the Hayashi robbery was not contrary to, or an objectively unreasonable application of,

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

**990**

clearly established federal law. *See Lockyer v. Andrade,* 538 U.S. 63, 123 S.Ct. 1166, 1172, 155 L.Ed.2d 144 (2003) (emphasizing standard under the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254(d)(1)). That court's conclusion was consistent with *In re Winship,* 397 U.S. 358, 364, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970), and *Jackson v. Virginia,* 443 U.S. 307, 324, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). It was not unreasonable given Hayashi's testimony that Steadham resembled the attacker but looked more grown up and heavier—a view of Steadham expressed by witnesses to other robberies as well—and evidence that the Hayashi robbery occurred in the same time frame and geographic area as other taxi robberies with which Steadham was connected, that Hayashi picked up his fare right by Steadham's house, that Hayashi's cab was recovered very close to where Steadham lived, and that the fare used the name "Anthony"—Steadham's first name. Even though Hayashi's identification may have been weak, a rational trier of fact could have found that Steadham was the robber beyond a reasonable doubt.[1]

AFFIRMED.

---

1. We decline to grant Steadham's request to expand the certificate of appealability.

